374 So.2d 972 (1979)
IN THE MATTER OF THE CREATION OF THE DISTRICT COURT OF APPEAL, FIFTH DISTRICT.
Supreme Court of Florida.
July 17, 1979.

ADMINISTRATIVE ORDER
Pursuant to article V, section 1 of the Florida Constitution, the legislature has by general law established a fifth appellate district for the State of Florida with headquarters in Daytona Beach.[1] The prescribed effective date of the bill  July 1, 1979  has apparently been deferred to August *973 5, 1979, pursuant to the governor's decision to allow the bill to become law without his signature.[2]
The new appellate district will encompass the fifth judicial circuit (Citrus, Hernando, Lake, Marion, and Sumter Counties), the seventh judicial circuit (Flagler, Putnam, St. Johns, and Volusia Counties), the ninth judicial circuit (Orange and Osceola Counties), and the eighteenth judicial circuit (Brevard and Seminole Counties). Each of these circuits was formerly in whole or in part within the first, second, or fourth appellate district. To effect an orderly transition from four to five appellate districts in Florida, the following procedures have been approved by the justices of this Court, by the chief judges and clerks of the affected district courts of appeal, and by the known judges of the new district court of appeal.
1. Initial composition of the new court. The legislature has authorized any judge now sitting on the first, second, or fourth district court of appeal to elect to become a judge of the fifth district court of appeal, and fourth district court of appeal Judges Spencer C. Cross and James C. Dauksch, Jr. have evidenced their intention to make that election. Inasmuch as no other judges have indicated an intention to make that election, and because article V, section 4(a) of the Florida Constitution requires the fifth district court of appeal to consist of at least three judges, Parker Lee McDonald, circuit judge of the ninth judicial circuit, is hereby assigned and designated as a temporary judge of the District Court of Appeal, Fifth District, effective August 5, 1979, to determine and dispose of matters which shall be presented to him as a judge of the fifth district court of appeal, and under and by virtue of the authority here conferred is vested with all the powers and prerogatives conferred by the Constitution and laws of the State of Florida on a judge of the fifth district court of appeal.
2. Filing of new cases after August 4, 1979. All new matters properly within the jurisdiction of a district court of appeal under article V, section 4(b) of the Florida Constitution, which are filed from within the fifth, seventh, ninth, and eighteenth judicial circuits on or after August 5, 1979, must be filed with the District Court of Appeal, Fifth District. All fees, notices, briefs, pleadings, other papers, and exhibits pertaining to such cases shall be transmitted directly to the clerk of the fifth district court of appeal, as provided by law and by the rules of this Court. Until further notice, filings by mail shall be made to:
Clerk District Court of Appeal, Fifth District Drawer CA Daytona Beach, Florida 32015;
filings may be hand delivered to:
Clerk District Court of Appeal, Fifth District Volusia County Courthouse Annex 125 East Orange Avenue Daytona Beach, Florida 32014;
and personnel of the court may be reached by telephone at:
(904) 255-8600 (904) 255-8775.
Pursuant to article V, section 2(a) of the Florida Constitution, any items pertaining to these cases which are inadvertently received by a clerk of the first, second, or fourth district court of appeal after August 4 shall, if the jurisdiction of the district court is otherwise properly invoked, be transferred to the clerk of the fifth district court of appeal.
3. Disposition of cases pending on August 4, 1979. Jurisdiction of all matters pending in the first, second, and fourth district courts of appeal which originated in the four judicial circuits comprising the fifth appellate district shall be vested in the new district court of appeal as of 12:01 a.m. on August 5, 1979. Because the judges of the first, second, and fourth district courts of appeal have already begun their *974 consideration of some of these cases, however, the actual transfer of all such cases would result in undesirable consequences, including lengthy delays in disposition, additional costs to litigants, and unnecessary duplication of judicial labor. Consequently, it is in the best interests of the public that disruptions of the judicial process be kept to a minimum through the disposition of certain pending cases by judges of the first, second, and fourth district courts of appeal, exercising authority as judges of the fifth district court of appeal. To facilitate the orderly separation and disposition of pending cases, the following steps are being taken:
(a) Transfer of cases. Except as provided in (b) below, all pending cases, including all notices, briefs, pleadings, other papers, and exhibits pertaining to such cases, shall be physically transferred to the fifth district court of appeal as soon as is practical.
(b) Non-transferable cases. Notwithstanding that jurisdiction shall vest in the fifth district court of appeal as to these cases, no physical transfer shall be made from the first, second, or fourth district court of appeal of:
(i) any case in which oral argument has been heard;
(ii) any case in which oral argument has been scheduled for July, August, or September, 1979;
(iii) any case in which oral argument will not be heard, but which has, in the determination of the chief judge, been submitted to the court for resolution; and
(iv) any case in which the court has entered a final order or judgment, filed an opinion, entered a mandate, or temporarily relinquished jurisdiction to a lower tribunal.
Any case which is not physically transferred to the fifth district court of appeal shall be retained in the court in which it is pending until final disposition thereof.
(c) Transferred cases. In all cases physically transferred to the fifth district court of appeal, the transferring court shall enter an order of transfer which the clerk shall serve on all parties of record and on the clerk of the lower tribunal, if any, in which the cause originated.
(d) Retained cases. In all cases retained in the first, second, or fourth district court of appeal:
(i) the court shall enter an order indicating that although jurisdiction has vested in the fifth district court of appeal, the case will be physically retained by the court. The clerk shall serve a copy of the order on all parties of record and on the clerk of the lower tribunal, if any, in which the cause originated;
(ii) all notices, briefs, pleadings, other papers, and exhibits in these cases shall continue to be filed with the clerk of the district court of appeal in which the cases were pending on August 4, 1979;
(iii) all documents received for filing after August 4, 1979, and all orders, decisions, mandates, or other directives entered thereon, shall be designated as matters of the fifth district court of appeal;
(iv) the files and records of these cases shall be segregated from the other files and records of the first, second, and fourth district courts of appeal; and
(v) the judges assigned to these cases (under paragraph (f) below) shall be identified, where appropriate, with the following notation after their names:
(Associate Judge, sitting by assignment pursuant to Administrative Order, 374 So.2d 972 (Fla. 1979)).
(e) Designation of deputy clerks. To effectuate the disposition of retained cases, the clerks and deputy clerks of the first, second, and fourth district courts of appeal have been designated as deputy clerks of the fifth district court of appeal.
(f) Assignment of judges. For the purpose of concluding, on or after August 5, 1979, matters in pending cases within the jurisdiction of the fifth district court of appeal which will be retained in the first, second, or fourth district courts of appeal, and under the authority vested in me as chief justice of the Supreme Court of Florida by article V, section 2(b) of the Florida *975 Constitution and the rules of this Court promulgated thereunder:
(i) E.R. Mills, Jr., Guyte P. McCord, Jr., Robert P. Smith, Jr., Richard W. Ervin, III, Anne C. Booth, and Larry G. Smith, judges of the District Court of Appeal, First District, are hereby assigned and designated as temporary judges of the District Court of Appeal, Fifth District, from time to time as necessary, to determine and dispose of matters which shall be presented to them in causes filed before August 5, 1979, which originated in Flagler, Marion, Putnam, St. Johns, and Volusia Counties, and to which they had been assigned as judges of the first district court of appeal;
(ii) Stephen H. Grimes, Edward F. Boardman, T. Frank Hobson, John M. Scheb, T. Truett Ott, Herboth S. Ryder, and Paul W. Danahy, Jr., judges of the District Court of Appeal, Second District, are hereby assigned and designated as temporary judges of the District Court of Appeal, Fifth District, from time to time as necessary, to determine and dispose of matters which shall be presented to them in causes filed before August 5, 1979, which originated in Citrus, Hernando, Lake, and Sumter Counties, and to which they had been assigned as judges of the second district court of appeal; and
(iii) James C. Downey, Gavin K. Letts, Harry L. Anstead, John H. Moore, II, and John R. Beranek, judges of the District Court of Appeal, Fourth District, are hereby assigned and designated as temporary judges of the District Court of Appeal, Fifth District, from time to time as necessary, to determine and dispose of matters which shall be presented to them in causes filed before August 5, 1979, which originated in Brevard, Orange, Osceola, and Seminole Counties, and to which they had been assigned as judges of the fourth district court of appeal.
(iv) The above-named judges of the first, second, and fourth district courts of appeal, under and by virtue of the authority hereof, are vested with all the powers and prerogatives conferred by the Constitution and laws of the State of Florida upon judges of the fifth district court of appeal.
4. Construction of this order. This administrative order shall be construed liberally to facilitate the purposes for which it is entered, but shall not be interpreted as enlarging to any extent the existing jurisdiction of any court.
It is so ordered.
 /s/ Arthur J. England, Jr.
 Chief Justice
NOTES
[1] CS for SB 268.
[2] In re Advisory Opinion to the Governor, 374 So.2d 959 (Fla. 1979); 1971 Op. Att'y Gen. Fla. 071-262 (Aug. 30, 1971).